IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE GAYLE,                          :
    Plaintiff,                        :
                                      :
v.                                    :      CIVIL ACTION NO. 26-CV-1690
                                      :
CITY OF EASTON, *et al.*,              :
    Defendants.                       :

## ORDER

Plaintiff Wayne Gayle filed this civil action pursuant to 42 U.S.C. § 1983 against several Defendants who played a role in his criminal prosecution.  (*See generally* Compl. (ECF No. 2).) He subsequently filed an Amended Complaint seeking to add Defendants, that simply refers back to his initial Complaint for the statement of his claims.  (*See generally* Am. Compl. (ECF No. 7).)

Gayle's Amended Complaint is the governing pleading in the case because an amended complaint supersedes the prior complaint.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).  The Court cannot look to the original Complaint "to help fill the factual void in [the plaintiff's] amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin U.S.A.*, 604 U.S. at 35); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (explaining that

"liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

This means any filing seeking to amend a complaint must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather than referring back to the initial complaint. *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted,* No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."). In other words, all of the relevant parties and allegations must be contained in the governing pleading. The Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading over time. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotation marks omitted)). This rule is important because it ensures that the Defendants and the Court are clear on the complete set of allegations and claims at issue in a case.

Gayle is representing himself (proceeding *pro se*) and may not have appreciated that his Amended Complaint would replace and supersede his initial Complaint as the governing pleading in this matter. He also might not have understood that the Court cannot disregard the Federal Rules of Civil Procedure to consider all of the allegations and claims he files at different times. Accordingly, the Court will give Gayle an opportunity to file a complete and comprehensive second amended complaint in which he may bring all of his allegations and claims together in one pleading against all of the defendants he intends to sue in this case. *See*

2

*Angelo v. NVR, Inc.*, No. 18-523, 2020 WL 1443214, at *4 (D. Del. Mar. 24, 2020) ("Plaintiff is reminded that should he opt to file a second amended complaint, all allegations shall be contained in one pleading . . . .").

**AND NOW**, this 27th day of April, 2026, upon consideration of Gayle's Complaint (ECF No. 2), Amended Complaint (ECF No. 7), and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 10), and for the reasons stated above, it is **ORDERED** that:

1.      Gayle may file a second amended complaint within thirty (30) days of the date of this Order.  Any second amended complaint must clearly identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Gayle's claims against each defendant.  Any defendants who are not listed will not be considered parties to this case.  **The second amended complaint shall be a complete document that does not rely on (or incorporate by reference) the initial Complaint, Amended Complaint, or any other papers filed in this case to state a claim.  This means that Gayle must raise all factual allegations and claims that he seeks to bring related to the events underlying this lawsuit in one document.  Any claims, allegations, or defendants that are not included will not be considered part of this case.**  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

2.      The Clerk of Court is **DIRECTED** to send Gayle copies of the following documents:

      a.  A copy of Gayle's initial Complaint (ECF No. 2); and

      b.  A copy of Gayle's Amended Complaint (ECF No. 7).

3.      If Gayle does not file a second amended complaint, the Court will treat Gayle's

Amended Complaint (ECF No. 7) as the governing pleading in this case.

4.      Gayle is **GRANTED** leave to proceed *in forma pauperis*.  Accordingly, this case

is subject to screening, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it is

frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  The case

will also be subject to jurisdictional screening.

5.      The Clerk of Court is **DIRECTED** not to issue summonses until further order of

the Court.

**BY THE COURT:**

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**
